## Pictorial Review v. Blakeman.

*Affidavit of defence—Sufficiency—Rule for judgment after case has been on trial list.*

1. In a suit for the price of goods sold and delivered, an affidavit of defence is sufficient which avers that the defendant returned the goods and the plaintiff received and accepted them.

2. *Semble.* Where a case is not unduly delayed thereby, a plaintiff can at any time enter a rule for judgment for want of a sufficient affidavit of defence, even after the case has been twice on the trial list.

Rule for judgment for want of a sufficient affidavit of defence. C. P. Lancaster Co., Oct. T., 1925, No. 57.

*Henry M. Bruner*, for rule.

*Cleon N. Bernteizel, Paul R. Mueller* and *John M. Groff*, contra.

LANDIS, P. J., June 25, 1927.—So far as this proceeding is concerned, the facts cannot be in dispute. On or about Jan. 12, 1925, the parties entered into a written agreement, whereby certain merchandise was purchased by the defendant from the plaintiff. The goods ordered were shipped from time to time to the defendant and received by her. If nothing else appeared in the case, she would undoubtedly be bound to pay for them.

She, however, alleges that all of them were returned between April 15 and April 30, 1925. I do not see how this can be true, if the dates are correct, for at least one of the charges bears date subsequent to April 30, 1925. However, the real trouble which the plaintiff must encounter is the allegation in the affidavit of defence that the defendant returned to the plaintiff all the goods shipped to her and the plaintiff accepted and retained them. If this is true, then there is nothing due to the plaintiff on this account, and a verdict should be rendered by a jury in her favor. This is a question of fact which must be passed upon by a jury.

It has been suggested that this case was twice upon the trial list before the present rule for judgment was entered. In view of our conclusion that the facts ought to be submitted to a jury, it is not important at this time to decide whether the plaintiff by its delay has deprived itself of the right to the rule. Our impression is that if the trial is not thereby delayed unduly, a plaintiff can at any time enter a rule for judgment for want of a sufficient affidavit of defence. Rule discharged.	From George Ross Eshleman, Lancaster, Pa.